### WEIR

v.

### FIDELITY & DEPOSIT CO. OF MARYLAND.

Court of Appeals of Kentucky.

Feb. 19, 1954.

Alfred J. Simon, Jr., Vincent J. Hargadon, Arnold J. Lemaire, Louisville, for appellant.

Henry T. Merritt, Blakey Helm, Louisville, for appellee.

CAMMACK, Justice.

This is a suit brought against the surety on a trustee's bond. The appellant, John C. Weir, sought to recover $5,000 which he alleged to be the value of a four carat diamond ring the trustee had failed to deliver to him in accordance with the provisions of his grandmother's will. The appeal is from a judgment on a directed verdict in favor of the surety, the Fidelity and Deposit Company of Maryland.

Mrs. Florence W. Cunningham died testate in 1935. She designated her pastor, Reverend Harold B. Weir, as executor. He qualified, with the Sun Indemnity Company as surety on his executor's bond. The

estate was settled in 1937. Mrs. Cunningham's will contained several trust provisions and Mr. Weir was named as trustee. He qualified in that capacity with the Fidelity and Deposit Company as surety on his trustee's bond. The sixth clause of Mrs. Cunningham's will follows:

"My small diamond ring and my husband's watch and chain to be given to John W. Jones Cunningham when he arrives at the age of twenty-one years and the other, or a larger diamond ring, to Adrienne Lee Jones Cunningham when she arrives at the age of twenty-one years."

Mrs. Cunningham had indicated in her will that she wanted Mr. and Mrs. Weir to raise her two grandchildren. This they did. The granddaughter lived with the Weirs, in Ohio, until she married in 1943. The grandson lived with them until he entered the Navy in that year. Shortly before the boy entered the Navy he was adopted by the Weirs and his name changed to John C. Weir. He has lived with the Weirs since he returned from service.

This lawsuit stems from the description given of Mrs. Cunningham's two diamond rings in the inventory made of her estate and which was adopted by the executor. The following items appeared in the inventory:

"1 solitaire diamond ring, 5 carat in Executor's safety box at Citizens Union Bank . . . . . . . . . . . . . . . .$250.00
"1 Do at same, 4 carat . . . . . . . 200.00"

The two appraisers who saw the rings testified that there was no four carat solitaire diamond ring in Mrs. Cunningham's estate. Mr. Weir also said that he had never had a four carat ring in his possession, and that the smaller of the two rings left by Mrs. Cunningham was the one which he had offered appellant and which he had refused to accept. James P. Brown, an attorney who assisted in the settling of Mrs. Cunningham's estate, said the mistake in the description of the rings was made in his office.

The contention of the appellant is that the only mistake in the inventory was the value listed for the four carat ring. The contention of the appellee, which was overwhelmingly supported by the proof, is that the mistake was made in the description given of the ring. Some of Mrs. Cunningham's friends who testified for the appellant said she had two large diamond rings set in yellow gold. One witness said the white gold ring which had been tendered the appellant by the trustee did not have the same setting as had Mrs. Cunningham's rings. One of the appraisers, who was the father of Mrs. Weir, said in answer to questions asked by counsel for the appellant that the appellant wanted his foster mother to have the ring and that she wore it some but later returned it to him.

We think the contention of the appellant that the trial court erred in the introduction of evidence as to the inventory of Mrs. Cunningham's estate is without merit. Likewise, we think the contention that the appellee is making a collateral attack upon the inventory is without merit. The appellant is not asking that the inventory be taken as conclusive. He seeks to ignore the value listed therein and to take as conclusive the description of the ring as being a four carat ring. Mrs. Cunningham's will made reference to a small diamond ring which was to be given her grandson. The one-half carat diamond which the trustee tendered the appellant had an approximate value of $200 at the time of Mrs. Cunningham's death. Generally speaking, such a diamond would be considered a small one. A four carat diamond would be considered a large one, certainly to the average person. A four carat diamond would have an approximate value of $5,000. We think the trial judge properly directed a verdict for the appellee.

Judgment affirmed.